E-FILED
Monday, 30 March, 2020 09:37:27 AM
Clerk, U.S. District Court, ILCD

## `1UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| CLYDE EDWARD BRADLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 19-1248 |
| | ) | |
| TERI KENNEDY, | ) | |
| | ) | |
| Respondent. | ) | |

### ORDER AND OPINION

This matter is now before the Court on Petitioner Clyde Edward Bradley's ("Petitioner") Motion for Leave to Appeal *in forma pauperis* (ECF Nos. 19, 24)[1] and Motion to Include Documents in the Record on Appeal (ECF No. 23). For the reasons stated herein, the Motion for Leave to Appeal *in forma pauperis* is DENIED and the Motion to Include Documents in the Record on Appeal is MOOT.

### PROCEDURAL HISTORY

On February 7, 2020, this Court denied Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 16). Petitioner filed his first Motion for Leave to Proceed *in forma pauperis* on March 2, 2020, with an accompanying letter stating that he was unable to provide a certified prisoner trust fund ledger from Pontiac Correctional Center with his application. (ECF Nos. 19, 20). On March 9, 2020, this Court reserved ruling on the Motion and directed Petitioner to file his certified prisoner trust fund ledger by March 23, 2020, so that it could properly assess whether Petitioner qualified as an indigent. On March 11, 2020, Petitioner filed a Motion

---

[1] Both motions are identical. Petitioner filed the same motion twice.

1

to Include Documents in the Record on Appeal. (ECF No. 23). On March 24, 2020, the Court received Petitioner's certified prisoner trust fund ledger as well as a duplicative Motion for Leave to Appeal *in forma pauperis.* (ECF Nos. 24, 25). This Opinion follows.

## ANALYSIS

A Motion for Leave to Appeal *in forma pauperis* requires the Court to make two determinations. First, the Court must decide whether Petitioner is truly unable to pay the filing fee associated with this case. *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757-58 (7th Cir. 1988). If Petitioner is unable to pay the filing fee, then the Court must determine if the appeal is frivolous and not taken in good faith. *Id;* 28 U.S.C. § 1915.

Petitioner is currently in the custody of the Illinois Department of Corrections and housed at Pontiac Correctional Center. Petitioner reported a total monthly income of $110.00, no assets, and no cash (ECF Nos. 19, 24); however, Petitioner's certified prisoner trust ledger reflects a balance of $444.71 as of March 16, 2020. (ECF No. 25). In the past six months, Petitioner has had as much as $574.51 his trust fund and has received gifts ranging from $100 to $300 per month. *Id.*

Recognizing that some nonpaying litigants may attempt to abuse the privilege of filing *in forma pauperis*, Congress has authorized the courts to dismiss such a case "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." § 1915(d). The purpose of § 1915 is not to punish the litigant whose affidavit contains discrepancies, but to weed out the litigant who falsely understates his net worth in order to obtain *in forma pauperis* status to which he is not entitled based upon his true financial worth. *Torain v. SBC*, 2008 WL 11395775, at *3 (N.D. Ill. 2008) (internal citation omitted). Moreover, § 1915(a)(3) provides that "an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." *Id.*

The Court finds that Petitioner has falsely understated his net worth in order to obtain *in forma pauperis* status. While his application states he has no money, his certified prisoner trust fund ledger indicates otherwise. Accordingly, his application has not been taken in good faith and his Motion for Leave to Appeal *in forma pauperis* is DENIED.

Petitioner has also requested the following documents be included in the record on appeal: (1) all original papers and exhibits; (2) a transcript of proceeding (if any); (3) a certified copy of docket entries prepared by the district court; (4) Petitioner's motion for production of exhibits; and (5) Petitioner's motion for relief of judgment or order. (ECF No. 23).

According to Federal Rule of Appellate Procedure 10(a), the record on appeal consists of: "(1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk." Additionally, "[a] motion to correct or modify the record pursuant to Rule 10(e), Fed. R. App. P., or a motion to strike a matter from the record on the ground that it is not properly a part thereof shall be presented first to the district court." Seventh Circuit Rule 10(b); *see also Zimmerman v. Chicago Bd. of Trade*, 360 F.3d 612, 622 (7th Cir. 2004).

Here, there is no evidence that the documents Petitioner has requested from the record are not properly part thereof. Petitioner is not requesting that any documents be removed, sealed, or modified. If there were such a request, the Court would need to provide further analysis under Fed. R. App. P. 10(e). Moreover, the Clerk of this Court has already provided the Seventh Circuit with a short record of appeal. (ECF No. 21). As a result of the foregoing, the Court finds Petitioner's request MOOT.

## CONCLUSION

For the reasons set forth above, Petitioner's [19] [24] Motion for Leave to Appeal *in forma pauperis* is DENIED and [23] Motion to Include Documents in the Record on Appeal is MOOT.

ENTERED this 30th day of March, 2020.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge